**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ruben MEDINA, Defendant–Appellant.**

**No. 07–50455.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2008.*

Filed Dec. 10, 2008.

Mark Young, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

George L. Steele, Esquire, Law Offices of George L. Steele, Pasadena, CA, for Defendant–Appellant.

Before: BRUNETTI, SILVERMAN and BEA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ruben Medina challenges the district court's finding at sentencing that he had been convicted of a prior felony in California state court. He claims his identity was not proven because the state's expert spent too little time comparing his fingerprints to those on file for the person convicted of the previous felony. He does not challenge his current conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Medina was tried and convicted by a jury of conspiracy to distribute at least 500 grams of cocaine, and at least 500 grams of a mixture containing methamphetamine or at least 50 grams of actual methamphetamine, and to manufacture at least 50 grams of cocaine base in the form of crack cocaine with intent to distribute; possession of at least 50 grams of cocaine base in the form of crack cocaine with intent to distribute; and possession of at least 5 grams of methamphetamine with intent to distribute.

During sentencing, Medina was charged with having previously been convicted in 2000 of a felony in Los Angeles Superior Court, case number LA037002, for possession for sale of cocaine, in violation of California Health and Safety Code § 11351 ("the prior conviction").

In his sentencing memorandum, Medina objected to the pre-sentence report's inclusion of his prior conviction, but *only* on the broad ground that such a finding violated his right to a jury trial on each fact that might lengthen his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As the district court correctly held, the fact of a prior conviction is an exception to this rule; prior convictions do not need to be proven beyond a reasonable doubt to a jury. Instead, the judge can make such a finding by a preponderance of the evidence. *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir.2007).

■ Medina did not contest his identity as the person who committed the prior conviction in his sentencing memorandum filed with the district court. He never once claimed he was not the person who had pleaded guilty to the prior conviction, nor did he contest the state expert's fingerprint analysis. As such, Medina waived the claim he now seeks to present in this court. 21 U.S.C. § 851(c)(2); *United States v. Brooks*, 508 F.3d 1205, 1208–09 (9th Cir.2007); *United States v. VanDoren*, 182 F.3d 1077, 1082–83 (9th Cir. 1999).

■ Because Medina did not raise the issue at trial he now raises here, we review the trial court's finding for plain error. Under the plain error standard, Medina must prove "(1) an error, (2) that is plain, and (3) that affects substantial rights." *United States v. Franklin*, 321 F.3d 1231, 1240 (9th Cir.2003).

After examining the certified copy of the prior conviction, which showed that the person who committed the prior felony in Los Angeles Superior Court had the same full name as Medina, and listening to the state's fingerprint expert who testified that Medina's fingerprints matched those of the Ruben Medina convicted of the prior felony, the district court found beyond a reasonable doubt that Medina did have a previous felony conviction. The district court sentenced Medina to 240 months in prison (the mandatory minimum sentence under

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts. We discuss them only as necessary to our decision.

the statute) and 10 years of supervised release.

Medina does not set forth any facts on appeal to prove the trial court error. All Medina says is that when the expert spent less than a minute just before trial to "*re*confirm" his fingerprints, she spent too little time. Medina did not, however, ask her how long she spent the first time comparing Medina's fingerprints to those of the person convicted of the prior felony. Medina has not shown that the trial court committed any error, much less plain error, in crediting the testimony of the fingerprint expert. The expert's testimony was admissible, Medina was allowed to try to discredit it, and the court was within its discretion to accept it. Furthermore, the evidence that Medina's fingerprints matched those in the record of prior conviction remains uncontradicted.

**AFFIRMED.**